Salzstein Unemployment Compensation Case.

Argued December 15, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Herman Weiner*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *Walter E. Alessandroni*, Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., March 24, 1966:

Mitchell Salzstein was last employed as a processor by the Frankford Arsenal, Bridge and Tacony Streets, in the City of Philadelphia. His final day of work was June 4, 1965, on which date he had a valid separation. The Unemployment Compensation Board of Review reduced his $45.00 weekly benefit rate by the sum of $17.00 per week under the pension deductible provision in Section 404(d) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, Section 404(d), 43 P.S. 804(d). This appeal followed.

The section in question reads in pertinent part as follows: "(d) Notwithstanding any other provisions of this section each eligible employe who is unemployed

with respect to any week ending subsequent to the first day of July, one thousand nine hundred sixty-four, shall be paid, with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of . . . (5) one-half of the amount of a retirement pension or annuity, if any, (a) paid or (b) which upon application would be payable to him without diminution on account of age under a public or private pension plan to which both the employe and an employer or employers of such employe have contributed."

The Board found that claimant was receiving a monthly pension of $154.00 from the Frankford Arsenal, and that both claimant and his employer contributed equally to the pension program. Claimant does not assert that these findings are unsupported by the record. Nor does claimant question the Board's calculation that one-half of claimant's monthly pension was the equivalent of $17.00 per week. His sole contention is that Section 404(d) does not apply "where employer regards annuity payments received before employe's retirement account is exhausted as being the return of his own funds".

No cases are cited in support of claimant's contention. It is based entirely on a letter from the employer which is set forth in the footnote.[1] We are in accord with the position of counsel for the Board that the only function of this letter was to aid claimant in the preparation of his income tax return. To adopt claimant's theory would be to rewrite the statute, and to

[1] "This is to certify that you are in receipt of a benefit under the Civil Service Retirement Act in amount of $154.00 per month effective June 6, 1965. Your contributions to the retirement fund total $4553.22 and your retirement contributions are reduced by your monthly annuity payments. We consider the annuity payments received before a person's retirement account is exhausted as being merely a return of his own funds and does not represent any Federal contribution toward his retirement benefit at that time".

defeat the legislative purpose and intent. Cf. *Yeager Unemployment Compensation Case,* 196 Pa. Superior Ct. 162, 173 A. 2d 802.

Decision affirmed.