Anthony E. Dalesio, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued September 13, 1973, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Anthony E. Dalesio,* appellant, for himself.

*Sydney Reuben,* Assistant Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, October 15, 1973:

Appellant was last employed by the United States Post Office Department at Uniontown, Pennsylvania, as a window clerk. He was forced to retire on January 31, 1972. He is receiving a retirement pension in the amount of $602.54 a month, or approximately $139.00 a week. His weekly unemployment compensation benefit rate is $85.00. Section 404(d)(iii) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §804(d)(iii), provides: "(d) Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ending subsequent to the first day of October, one thousand nine hundred seventy-one, shall be paid with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of . . . (iii) that part of a retirement pension or annuity, if any, received by him under a private pension plan to which a base-year employer of such employe has contributed which is in excess of forty dollars ($40) per week." Appellant does not contest the finding of the referee, affirmed by the Board, that the retirement pension of appellant is within that class to which his base-year employer contributed and, therefore, within the provisions of the act.

The Bureau, the referee, and the Board of Review, all decided that the amount of the pension that was

deductible exceeded the weekly benefit rate and, therefore, the appellant's claim was disallowed.

The appellant would have us interpret the act as allowing him unemployment benefits of $40.00 per week before any pension benefits are deducted. Such is not the plain meaning of the act. Appellant is correct that the first $40.00 of his retirement pension benefits are not deductible. In his instance, the pension benefits were approximately $139.00 a week. His unemployment compensation benefit rate was $85.00 a week. The portion of the retirement pension benefit in excess of $40.00 was $99.00 a week, i.e., $139.00 minus $40.00. Under the Unemployment Compensation Law, since the portion of the retirement benefit in excess of $40.00 a week was in excess of $85.00 a week, no unemployment compensation benefits are payable.

This is the first case where the courts of Pennsylvania have been called upon to interpret this Section under these precise circumstances. However, the Superior Court did interpret this Section under somewhat similar circumstances in *Salzstein Unemployment Compensation Case*, 207 Pa. Superior Ct. 214, 217 A. 2d 786 (1966). In that case, the appellant pressed the court to adopt an interpretation that would not deduct any retirement pension benefits until the amount paid into the retirement plan by the employe had been recovered. As noted by the Superior Court in its opinion, such an interpretation would be consistent with the provisions of the law relating to income tax returns. However, the court, in *Salzstein, supra,* at 216, 217 and at 787, declined to so interpret the Unemployment Compensation Law, saying: "To adopt claimant's theory would be to rewrite the statute, and to defeat the legislative purpose and intent. Cf. Yeager Unemployment Compensation Case, 196 Pa. Superior Ct. 162, 173 A. 2d 802 [1961]."

Accordingly, we enter the following

ORDER

Now, October 15, 1973, the claimant's appeal is dismissed and the order of the Unemployment Compensation Board of Review is affirmed.