Robert L. Etter, Appellant, *v.* Commonwealth of
Pennsylvania, Unemployment Compensation
Board of Review, Appellee.

Argued May 11, 1973, before Judges KRAMER, MEN-
CER and BLATT, sitting as a panel of three. Reargued
February 4, 1974, before President Judge BOWMAN and
Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MEN-
CER, ROGERS and BLATT.

*Daniel J. Fleck,* with him *Raymond F. Keisling* and *Will & Keisling,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, March 20, 1974:

Robert L. Etter, claimant-appellant, retired from the United States Air Force on October 31, 1971, and filed an application for unemployment compensation benefits the next day with the Bureau of Employment Security. The Bureau denied benefits to the claimant-appellant and following a hearing, the referee affirmed the Bureau's decision upon finding that the claimant-appellant "receives an Air Force monthly pension in the amount of $618.84 which is the equivalent of $142.81 weekly." In denying benefits, the referee found that the claimant-appellant had a weekly benefit rate of $81.00 but that under Section 404(d)(iii) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §804(d)(iii), was disqualified from receiving unemployment compensation benefits. On April 10, 1972, the Unemployment Compensation Board of Review affirmed the referee's decision and this appeal followed.

The sole issue in this case is one of statutory construction. Section 404(d) provides, in pertinent part, as follows: "Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ending subsequent to the first day of October, one thousand nine hundred seventy-one, shall be paid with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of . . . (iii) that part of a retirement pension or annuity, if any, received by him under a private pension plan to which a base-year employer of such employe has contributed which is in excess of forty dollars ($40) per week. Retirement pension or annuity payments received by the employe under the Federal OASI program, the Federal Railroad Retirement program or under any private retirement plan to which the employe was the sole contributor, shall not be considered a deductible retirement pension or annuity payment for the purpose of this subsection." Claimant-appellant alleges that his pension was a public pension and therefore not deductible under Section 404(d)(iii). We disagree.

The only pensions which are not deductible under Section 404(d)(iii) are those received under the Federal OASI program, the Federal Railroad Retirement program or under any private retirement plan to which the employe was the sole contributor. Obviously, claimant-appellant's Air Force pension cannot be included within any of the above programs and therefore is to be deducted under Section 404(d)(iii).

In determining the intent of the Legislature, we are mindful of the established principle of statutory and case law that mention of a specific matter implies the exclusion of others not mentioned. *Pane v. Department of Highways,* 422 Pa. 489, 222 A. 2d 913 (1966). Here, the obvious intent of the Legislature was to include, as non-deductible, *only* those pension programs specifically mentioned in Section 404(d)(iii).

"Furthermore, we think claimant's position is untenable under the declared purpose of the Unemployment Compensation Law. 'Section 3 of Article I (Preliminary Provisions) of the Unemployment Compensation Law. . . . 43 P.S. §752, constitutes a Declaration of Public Policy with respect to the aims and purposes of the Legislature in establishing a system of unemployment compensation. It is not a mere preamble to the statute, but a constituent part of it and is to be considered in construing or interpreting it.' " (Citation omitted.) *Fazio v. Unemployment Compensation Board of Review*, 164 Pa. Superior Ct. 9, 12, 63 A. 2d 489, 491 (1949). Specifically, we note the following from the Legislature's Declaration of Public Policy, 43 P.S. §752: "Involuntary unemployment and its resulting *burden of indigency* falls with *crushing force* upon the unemployed worker, and ultimately upon the Commonwealth assistance." Clearly the purpose of the Unemployment Compensation Law is to alleviate the rigors of unemployment, *Baigis Unemployment Compensation Case*, 160 Pa. Superior Ct. 379, 51 A. 2d 518 (1947), and not, as here, to aid those who have a pension under Section 404(d)(iii) which exceeds by more than forty dollars ($40.00) their weekly benefit rate.

Accordingly, we enter the following

#### ORDER

Now, March 20, 1974, the order of the Unemployment Compensation Board of Review, dated April 10, 1972, is affirmed.

---

DISSENTING OPINION BY JUDGE BLATT:

I must respectfully dissent.

Section 404(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, 43 P.S. §804(d), in providing which pen- and its political subdivisions in the form of poor relief

sions or annuity payments shall be considered deductible, clearly refers *only* to "private" plans, noting exceptions for the Federal OASI and Federal Railroad Retirement programs and for those private programs where the employee was the sole contributor. It makes no mention whatever of "public" pension plans, which this claimant's pension plan clearly appears to be.

It is true, of course, that there is no definition here or elsewhere in the legislation concerned to distinguish between "public" and "private" pension plans, and I have been unable to find any cases on point. It should be noted, however, that, prior to the passage of the Act of September 27, 1971, P. L. 460, which most recently amended Section 404(d), this Act did refer both to private and to public pension plans and it provided that both were to be deductible. Significantly, the word "public" now no longer appears in the section. It might also be noted that, while pensions were originally considered to be allowances paid by the government for valuable services performed or to compensate for a presumed loss sustained in continued public life, only in more recent times have private employers provided pensions to their employees. It would seem safe to assume, therefore, that a "private" pension plan is to be understood as one administered by or on behalf of a private employer, while a "public" pension plan is one administered by or on behalf of a public employer. In such light, it can be understood why the Legislature, while dropping the word "public" in last amending this section, specifically exempted payments received under the Federal OASI and the Federal Railroad Retirement programs. Both of these programs, while administered by the government, are substantially financed by the contributions thereto from private employers and employees. The specific mention of these programs, therefore, could have been intended merely to prevent any confusion as to whether or not they were to be consid-

ered "public" or "private" pension plans. On the other hand, the Legislature may have classed them as "private" pensions, which, along with private plans to which the employee was the sole contributor, would not be considered deductible private pensions. Public pensions, of course, which had formerly been deductible but which the Legislature by the amendment removed from the scope of this section, would no longer be deductible.

The interpretation given to Section 404(d) by the majority completely ignores the distinction between "public" and "private" pensions. Yet it would seem that proper statutory construction would require a comparison of the legislation concerned before and after amendment,[1] and in so comparing the omission of the word "public" in the most recent amendment of Section 404(d) with its prior inclusion therein, I am persuaded that the present omission can reasonably be construed to indicate only that such pensions shall no longer be deductible. Even if it should be admitted that the omission of public pension plans in this section may not now appear to have been the wisest course the Legislature could have taken, and in this case I might agree that it was unwise, it is our duty to construe legislation by its plain wording. If the Legislature wishes to correct its enactment, it may; but such correction is not a task for this Court.

The claimant's Air Force pension was clearly a payment from a "public" pension plan, and certainly no contributions thereto were made by any private employer. Inasmuch, therefore, as Section 404(d) provides as it presently clearly does, the claimant's Air Force pension benefits should not have been deducted.

---

[1] Section 1921(c)(5) of the Statutory Construction Act of 1972, Act of December 6, 1972, P. L.    , No. 290, 1 Pa.S. §1921(c)(5).