Lawrence N. Ettelson, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued March 8, 1974, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

No appearance for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, March 22, 1974:

Claimant-appellant was employed as a physician by the Veterans Administration of the United States from September 7, 1947, through June 8, 1971, in Philadelphia, Pennsylvania. Having suffered a coronary thrombosis, he was on sick leave from June 8, 1971, until June 11, 1972, when he retired, receiving a pension of $1,260.00 a month. A medical certification from claimant-appellant's cardiologist states that he was ready to resume full-time employment on June 1, 1972.

On June 19, 1972, claimant-appellant made application in Seattle, Washington, for unemployment compensation benefits under the Interstate Benefit System. The Bureau of Employment Security, the referee, and the Unemployment Compensation Board of Review determined that claimant-appellant was precluded from receiving a weekly benefit check by the provisions of Section 404(d)(iii) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §804(d)(iii). The decision was based on a determination that a $1,260.00 monthly pension, when pro rated weekly, less the statutory deduction of $40.00, was in excess of his weekly benefit rate of $85.00. We must affirm.

Claimant-appellant bases his appeal on two grounds, both of which have been considered recently by this Court and rejected. The first ground is that the Veterans Administration pension does not come under the provisions of Section 404(d)(iii) and, therefore, is not deductible. We decided otherwise in the very recent case of *Etter v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 642, 316 A. 2d 659 (1974), which case is on all fours with the instant case. In *Etter*, the claimant was an Air Force officer retired at $618.84 a month, whereas here we have a Veterans Administration physician retired at $1,260.00 a month.

Claimant-appellant's second or alternate position is that his current payments are treated by the Internal Revenue Service of the United States as a return of the contributions he made and, therefore, not income until he receives back the amount he contributed, an amount shown by the record to be $23,679.00. Claimant-appellant resourcefully compares his receipt back of this contribution with another unemployed individual's withdrawals from a savings account. Again, this very point has been decided by this Court against claimant-appellant in *Dalesio v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 343, 310 A. 2d 92 (1973).

As pointed out by able counsel for appellee, a review of the testimony of claimant-appellant reveals another ground which bars him, at least since September 1, 1972, from receiving unemployment compensation on the record before us. Claimant-appellant testified that "around September 1," 1972, he began working one day a week for the Department of Social Welfare of the State of Washington, at a rate in excess of $85.00 a week. Since that time, he testified he has not been signing up for unemployment compensation.

Accordingly, we enter the following

## ORDER

Now, March 22, 1974, the order of the Unemployment Compensation Board of Review, dated April 6, 1973, finding the determination of the referee affirming the Bureau's disallowance of the claim to be proper and denying the appeal, is affirmed.

CONCURRING AND DISSENTING OPINION BY JUDGE BLATT:

I agree that the claimant is not entitled to benefits for the period subsequent to September 1, 1972, because he was then employed and receiving a salary in excess of $85.00 per week.

I must dissent, however, as to that period prior to September 1, 1972. My reasons for so doing were expressed in my dissent in *Etter v. Unemployment Compensation Board of Review*, 12 Commonwealth Ct. 642, 316 A. 2d 659 (1974), and I remain of the opinion that only the Legislature can limit benefits in the way that the majority opinion in this case and in *Etter, supra*, purports to do.