G. C. Murphy Company, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued March 8, 1974, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Emil E. Nurick,* with him *Anderson, Moreland & Bush,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, May 16, 1974:

Paul E. Veon (claimant) was employed by the G. C. Murphy Company (Murphy) for 21 years, most recently as a merchandise and sales manager at its Irwin, Pennsylvania, store. In December of 1972 he was advised by his physician to discontinue his work with Murphy for physical and mental reasons. He then, at 62 years of age, submitted application for a disability retirement pension pursuant to Murphy's Employees' Retirement Plan, a program wholly funded by Murphy.

His application was approved and became effective January 1, 1973, and the claimant has since been receiving a pension thereunder in the amount of $214.51 per month.

Although the claimant was unable to continue with his previous work, his physician did certify that he was able and available for suitable employment in other types of work. Murphy agrees, however, that it has no suitable employment available for which the claimant was certified as being able to perform. The claimant, therefore, applied for unemployment compensation benefits, which were granted by the Bureau of Employment Security (Bureau). A referee affirmed the grant but determined that the claimant's pension was deductible from compensation payments pursuant to Section 404(d) of the Unemployment Compensation Law, Act of Dec. 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §804(d). On appeal, the Unemployment Compensation Board of Review (Board), ruled that the pension was not deductible under Section 404(d) and, therefore, awarded the claimant full benefits. Murphy has appealed to this Court.

The sole issue before us is whether or not a pension such as that received by this claimant constitutes a "retirement pension" so as to be deductible from unemployment compensation benefits.[1] Section 404(d) of the Unemployment Compensation Law is the applicable legislation, and it provides, *inter alia:*

"Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ending subsequent to the first day of October, one thousand nine hundred seventy-one, shall be paid with respect to such week, compensation in an amount equal to his weekly benefit rate less the

---

[1] Murphy apparently does not contest the claimant's availability for work or his right to receive benefits.

total of . . . (iii) that part of a *retirement pension* or annuity, if any, received by him under a private pension plan to which a base-year employer of such employe has contributed which is in excess of forty dollars ($40) per week." (Emphasis added.)

We have recently noted that the "Unemployment Compensation Act does not define 'retirement pension,' and we are unable to find any cases on the subject. Therefore, the term must be interpreted and applied accordingly to its common and approved usage. See Statutory Construction Act of 1972, Act of December 6, 1972, P. L. (Act No. 290), 1 Pa. S. §1903." *United States Steel Corporation v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 553, 557, 312 A.2d 460, 462 (1973).

Webster's Third New International Dictionary (1966) defines a "pension" as: "a fixed sum paid regularly to a person . . . one paid under given conditions to a person following his retirement from service (as due to age or disability). . . ." The same dictionary defines "retirement" as: "withdrawal from office, active service, or business. . . ."

The reasonable meaning to be given to the term "retirement pension," therefore, would clearly seem to include a pension which is received by an employe upon his retirement for *any* reason, be it age, years of service or disability. The claimant herein, for example, has withdrawn from active participation in his previous occupation and is regularly receiving a fixed sum because of such retirement. The result is the same in the case of disability, as it is if such a retirement occurs because of age[2] or because of the completion of a specific number of years of service.[3] It is not valid to

---

[2] *United States Steel, supra.*

[3] *Etter v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 642, 316 A.2d 659.

argue that a disability retirement should be treated differently because it is involuntary (which in fact may not always be true), for it cannot always be said that retirements on the basis of age are voluntary, either.

Moreover, to hold that this pension would not be deductible while other pensions received upon retirement would be deductible would seem contrary to the intent of the legislature. Proper statutory construction, of course, requires a comparison of the legislation concerned before and after the amendment.[4] In that connection, it should be noted that, prior to the most recent amendment of Section 404(d) in 1971,[5] this section provided for the deduction only of pensions payable without diminution on account of age and paid to an employe who had attained the age at which he could receive benefits under the provisions of Title II of the Federal Social Security Act, 42 U.S.C.A. §401 et seq. This provision was dropped in 1971, however, and the inclusive term "retirement pension" was at the same time included. This surely indicates that the 1971 amendment was intended to include all pensions payable to an employe upon his retirement, and not just pensions payable because of age. The Bureau's procedural guideline to the contrary must be held to be in error.

For the above reasons, therefore, we issue the following

### ORDER

Now, May 16, 1974, the order of the Unemployment Compensation Board of Review is reversed and the record is hereby remanded thereto for further proceedings consistent with this opinion.

---

[4] Statutory Construction Act of 1972, 1 Pa. S. §1921(c)(5).

[5] Act of Sept. 27, 1971, P.L. 460, §18.