Alonzo L. Goldsmith, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Submitted on briefs June 6, 1974, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Benjamin L. Winderman,* with him *Joseph S. Bekelja,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., August 23, 1974:

Claimant, Alonzo L. Goldsmith, was involuntarily retired from his position as an accounting clerk with the United States Postal Service on June 27, 1972. He thereafter applied for and was granted unemployment compensation at a weekly benefit rate of $91.00. The Bureau of Employment Security subsequently reduced this rate to $22.00 per week, and in so doing applied the private pension deduction required by Section 404(d)(iii) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended*, 43 P.S. §804(d)(iii), which provides in pertinent part: "Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ending subsequent to the first day of October, one thousand nine hundred seventy-one, shall be paid with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of . . . (iii) that part of a retirement pension or annuity, if any, received by him under a private pension plan to which a base-year employer of such employe has contributed which is in excess of forty dollars ($40) per week. Retirement pension or annuity payments received by the employe under the Federal OASI program, the Federal Railroad Retirement program or under any private retirement plan to which the employe was the sole contributor, shall not be considered a deductible retirement pension or annuity payment for the purpose of this subsection."

The referee and the Unemployment Compensation Board of Review affirmed this reduction in benefits. The referee found that claimant receives a pension of $473.00 per month, from a pension fund to which he and his employer had contributed. Subtracting $40.00 from the weekly equivalent of this pension ($109.00), the excess is $69.00 which when deducted from his weekly benefit rate of $91.00 leaves $22.00 for which

Claimant is eligible. On appeal to this Court, Claimant urges us to interpret Section 404(d)(iii) so that a deduction of retirement pension payments from unemployment compensation benefits is not required until a claimant has recovered his contributions to the pension fund. This construction was expressly rejected by this Court in *Ettelson v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 617, 316 A. 2d 661 (1974). We reiterate our holding in *Ettelson* and the prior case law which construes this provision and the predecessor thereto. *See Dalesio v. Unemployment Compensation Board*, 10 Pa. Commonwealth Ct. 343, 310 A. 2d 92 (1973); *Yeager Unemployment Compensation Case*, 196 Pa. Superior Ct. 162, 173 A. 2d 802 (1961).

Accordingly, we enter the following

ORDER

AND Now, August 23, 1974, the Order of the Unemployment Compensation Board of Review in the above captioned case is affirmed, and Claimant's appeal is dismissed.

---

DISSENTING OPINION BY JUDGE BLATT:

I must respectfully dissent.

Section 404(d)(iii) of the Unemployment Compensation Act, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended*, 43 P.S. §804(d)(iii) as quoted in the majority opinion, is specific in regard to the type of pension which shall be deducted from unemployment compensation benefits. That section requires deductions of pensions only from "private" plans.

The claimant, Alonzo C. Goldsmith, had been an employe of the United States Postal Service, and, upon his involuntary retirement, received a pension under

the Federal Civil Service Retirement System. This government pension is certainly not a "private" pension as the clear wording of the Act specifies and should not, therefore, have been deducted. See the dissenting opinions in *Ettelson v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 617, 316 A. 2d 661 (1974) and *Etter v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 642, 316 A. 2d 659 (1974).