Pasquale A. Bonnani, Appellant *v.* Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania, Appellee.

516

Argued June 6, 1975, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three. Reargued December 1, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Pasquale A. Bonnani,* appellant, for himself.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, December 22, 1975:

This is an appeal by Pasquale A. Bonnani from an order of the Unemployment Compensation Board of Review, dated November 19, 1973, which affirmed an order of a referee reducing Bonnani's weekly unemployment compensation benefits to $12.00.

Bonnani retired on June 29, 1973, from the federal civil service. He receives a monthly pension of $518, the equivalent of $119 per week. The referee relied upon section 404(d)(iii) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §804(d) (iii) (Supp. 1975-1976), which reads, in relevant part:

"(d)    Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ending subsequent to the first day of July, one thousand nine hundred seventy-one shall be paid with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of . . . (iii) that part of a retirement pension or annuity, if any, received by him under a private pension plan to which a base-year employer of such employe has contributed which is in excess of forty dollars ($40) per week."

Applying this formula to Bonnani's pension figures, the referee correctly computed Bonnani's benefits at $12 per week.

Bonnani argues that a deduction of pension benefits from unemployment compensation benefits is not required until a claimant has recovered his contributions to the pension fund. This argument has been rejected many times. *See Goldsmith v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 57, 324 A.2d 892 (1974); *Etter v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 642, 316 A.2d 659 (1974); *Ettelson v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 617, 316 A.2d 661 (1974); and *Dalesio v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 343, 310 A.2d 92 (1973).

Bonnani refers to the fact that the Internal Revenue Service considers the recoupment of employe pension

contributions to be a return of the employe's previously earned income, as support for his proposed construction. This precise argument was rejected in *Ettelson, supra,* and *Dalesio, supra. See also Salzstein Unemployment Compensation Case,* 207 Pa. Superior Ct. 214, 217 A. 2d 786 (1966). Rarely are we faced with such a wealth of controlling authority.

Bonnnani raises an additional issue concerning the referee's computation of benefits, contending that the referee failed to take into account a reduction in his pension benefits which occurred because of a "withdrawal plus interest, eighteen (18) years prior to retirement." It appears that Bonnani's pension checks were smaller than usual, during the first two months of his retirement, due to the previous withdrawals. The only evidence before the referee on this point was one assertion by Bonnani that he did not receive the full $518 for the first two months of retirement. Bonnani introduced no evidence indicating why this reduction occurred or how large the reduction was. There were no facts before the referee on this question, and Bonnani cannot offer this information at the appellate level.

In light of the above, we

## ORDER

AND NOW, this 22nd day of December, 1975, it is ordered that the order of the Unemployment Compensation Board of Review, dated November 19, 1973, is affirmed.

DISSENTING OPINION BY JUDGE BLATT:

I dissent for the reason that I do not believe that a public plan such as this one is deductible. See my dissent in *Etter v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 642, 316 A.2d 659 (1974).