Van Buren Sharpe, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. (2 Cases)

Argued June 9, 1977, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*Mark B. Segal,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

*Jonathan Vipond, III,* for intervenor.

OPINION BY JUDGE MENCER, September 21, 1977:

When Van Buren Sharpe's disability retirement pension from his former employer, the United States Post Office, was increased to the point that his weekly retirement disability benefits exceeded by more than $40 his unemployment compensation benefit rate, the Bureau of Employment Security (Board) determined that he was no longer eligible for unemployment compensation. The determination was made pursuant to Section 404(d)(iii) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §804(d)(iii), and it was affirmed by a referee and the Unemployment Compensation Board of Review.

By timely appeal to this Court,[1] Sharpe has again raised the question of whether retirement benefits paid by a public employer are to be offset against unemployment compensation pursuant to the law as it existed between 1974 and 1976.[2]

In *Unemployment Compensation Board of Review v. Goldstein,* 23 Pa. Commonwealth Ct. 11, 349 A.2d 824 (1976), *Bonnani v. Unemployment Compensation Board of Review,* 22 Pa. Commonwealth Ct. 515, 349 A.2d 498 (1975), *Unemployment Compensation Board of Review v. Leib,* 20 Pa. Commonwealth Ct. 206, 340 A.2d 927, *allocatur denied* (1975), *Etter v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 642, 316 A.2d 659, *allocatur denied* (1974), and *Ettelson v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 617, 316 A.2d 661 (1974), we held that such payments are to be offset against unemployment compensation. We see no reason to hold otherwise now.

---

[1] *See Sharpe v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 271, 368 A.2d 1344 (1977).

[2] At times pertinent to this appeal, Section 404(d)(iii) provided, in relevant part:

Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ending subsequent to the first day of July, one thousand nine hundred seventy-four, shall be paid, with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of . . . (iii) that part of a retirement pension or annuity, if any, received by him under a private pension plan to which a base-year employer of such employe has contributed which is in excess of forty dollars ($40) per week. Retirement pension or annuity payments received by the employe under the Federal OASI program, the Federal Railroad Retirement program or under any private retirement plan to which the employe was the sole contributor, shall not be considered a deductible retirement pension or annuity payment for the purpose of this subsection.

Because of our holding on this issue, we need not address the other issue raised by Sharpe.[3]

ORDER

AND NOW, this 21st day of September, 1977, the orders of the Unemployment Compensation Board of Review in the above captioned matters are hereby affirmed.

Judge KRAMER did not participate in the decision in this case.

---

[3] This issue dealt with the proper computation of weeks of eligibility in the event that Sharpe's pension benefits should not have been deducted.