Henrietta C. Byrd, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 18, 1981, before Judges Rogers, Blatt and Williams, Jr., sitting as a panel of three.

*John Matrullo, Hovsepian and Sandler,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, January 21, 1982:

In this unemployment compensation case, Henrietta C. Byrd apeals from the action of the unemployment authorities denying her claim for benefits on the ground that her weekly retirement benefits on account of thirty years of employment with the Philadelphia Navy Aviation Supply Office exceeded by more than $40.00 her unemployment compensation benefit rate thereby rendering her ineligible for unemployment benefits pursuant to Section 404(d)(iii) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §804(d)(iii).[1]

Claimant raises two issues for our review. First it is argued that because the claimant's retirement benefits are treated for the purpose of federal income taxation as the return of contributions previously made by the claimant, those benefits should not be deducted from the amount for which she is eligible under the Unemployment Compensation Law. This precise contention has been rejected by this court on numerous occasions, *see e.g. Goldsmith v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 57, 324 A.2d 892 (1974); *Ettelson v. Unemployment Compensation Board of Review,* 12

---

[1] Section 404(d)(iii) provides:

(d) Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ending subsequent to the first day of July, one thousand nine hundred eighty, shall be paid, with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of . . . (iii) an amount equal to the amount of a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment which is based on the previous work of such individual, which is reasonably attributable to such week, in accordance with this subsection.

Pa. Commonwealth Ct. 617, 316 A.2d 661 (1974); *Dalesio v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 343, 310 A.2d 92 (1973).

Finally, the claimant argues that only retirement plans "to which a base-year employer of such employe has contributed" are to be considered under Section 404(d)(iii) and that Strawbridge and Clothier, where the claimant was employed for a six-month period between her retirement from the Navy Aviation Supply Office and her application for unemployment benefits is her base-year employer. Section 4 (a) and (b) of the Unemployment Compensation Law, 43 P.S. §753(a) and (b) respectively define "base year" and "benefit year"

> (a) 'Base year' means the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year.

> (b) 'Benefit Year' with respect to an individual who files or has filed a 'Valid Application for Benefits' means the fifty-two consecutive week period beginning with the day as of which such 'Valid Application for Benefits' is filed, and thereafter the fifty-two consecutive week period beginning with the day as of which such individual next files a 'Valid Application for Benefits' after the termination of his last preceding benefit year.

The disputed factual finding is:

> 4. The Naval Aviation Supply Depot is a base year employer.

At the referee's hearing the claimant testified that she retired from the Navy Aviation Supply Office on February 23, 1979, and that she worked for Strawbridge and Clothier for a six or seven month period

which ended in the beginning of February, 1980. Claimant applied for unemployment benefits on March 3, 1980. Therefore, the claimant's benefit year began on March 3, 1980, and her base year comprises the period from October, 1978, to September, 1979; a period during which an employer of the claimant was the Navy Aviation Supply Office. The factual finding at issue is adequately supported.

Order affirmed.

### ORDER

AND Now, this 21st day of January, 1982, the order of the Unemployment Compensation Board of Review is affirmed.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.