James P. Egan, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 1, 1984, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Gary M. Lightman,* with him, *Anthony C. Busillo, II, Mancke, Lightman & Wagner,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, July 10, 1984:

James P. Egan (claimant) seeks review of an order by the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying unemployment compensation benefits to claimant.

Claimant was last employed by the Borough of Coraopolis (Borough) in Allegheny County, Pennsylvania, as a policeman, a position he held for thirty-five years.

From December 22, 1981, until February 28, 1982, claimant was disabled and receiving workmen's compensation benefits. During claimant's illness-related absence from work, the Borough Council, for economic reasons, voted to reduce the number of policemen within the Borough and to furlough claimant from his job effective January 17, 1982.

Throughout the last twenty-five years of his employment claimant participated in a pension plan which required him to contribute five (5%) per cent of his gross pay. Claimant's contributions to the pension plan totalled more than $12,600.00 during the course of his employment.

Effective March 1, 1982, claimant was compulsorily retired from the police force and then became entitled to receive monthly pension payments of $1,024.99, an amount based upon his years of service, final average pay, and his own contributions.

In December, 1982, claimant applied for, but was denied unemployment benefits by the Office of Employment Security (OES). That decision was affirmed by a referee and the Board. The OES, the referee, and the Board each decided that the amount of the pension that was deductible pursuant to Section 404(d)(iii) of the Unemployment Compensation Law (Law)[1] exceeded the weekly benefit rate and, such being the case, claimant was not entitled to unemployment compensation benefits under the Law.

Where the party with the burden of proof did not prevail before the Board, our scope of review is limited to determining whether the findings of the Board are consistent with each other and with the Board's conclusions of law and its order and whether they can be sustained without a capricious disregard of competent evidence. *Hughes v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 448, 414 A.2d 757 (1980). In this case there is no dispute as to the relevant facts. The claimant limits his appeal to the contention that the Board committed an error of law by failing to treat the initial pension payments made to claimant as a return of contributions and, as such, not deductible for the purposes of determining the amount of unemployment benefits claimant would otherwise be entitled to under Section 404 (d)(iii) of the Law. Section 404(d)(iii) of the Law provides:

> [E]ach eligible employe . . . shall be paid . . . compensation in an amount equal to his weekly benefit rate less . . . (iii) an amount equal to the amount of a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment which is based on the previous work of such individual. . . .

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §804(d).

This section reflects a substantial change created by amendment of the Law in 1980.[2] Prior to the 1980 amendment, the Law, in pertinent part, then read as follows:

Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ending subsequent to the first day of July, one thousand nine hundred seventy-four, shall be paid, with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of . . . (iii) that part of a retirement pension or annuity, if any, received by him under a pension plan to which a base-year employer of such employe has contributed which is in excess of forty dollars ($40.00) per week. Retirement pension or annuity payments received by the employe under the Federal OASI program, the Federal Railroad Retirement program or under any retirement plan to which the employe was the sole contributor, shall not be considered a deductible retirement pension or annuity payment for the purpose of this subsection.

In regard to that amendment this court has noted:

The 1980 amendatory language is broad, general and all inclusive. It mandates that the employee's unemployment compensation benefits to which he might otherwise be entitled, *shall be* reduced by the amount of a governmental or other pension, retirement or retired pay, annuity or *any other similar periodic payment* based upon the employee's previous work. (Emphasis in original.)

---

[2] This amendment to Section 404(d) was mandated by the provisions of Section 414(a)(15) of the Multiemployer Pension Plan Amendments Act of 1980, 26 U.S.C. §3304(a)(15)(1982).

*Tenaglia v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 453, 458, 458 A.2d 331, 333 (1983).

Claimant urges this Court to treat his receipt of pension benefits as the mere return of his contributions and, further, that we characterize those payments as "non-income" for purposes of application of Section 404(d) of the Law. Claimant would thus avoid the offset provisions of the Law, allowing him to concurrently receive unemployment and pension benefits.[3] This we refuse to do since the statute and case law interpreting it foreclose such a result.

In support of his contention, claimant looks to the Internal Revenue Code provision covering employee's annuities (26 U.S.C. §72 (1982)),[4] and to this Court's decision in *Latella v. Unemployment Compensation Board of Review*, 74 Pa. Commonwealth Ct. 14, 459 A.2d 464 (1983). We find claimant's argument un-

---

[3] We recognize that where the pension or other payment is low enough the offset provisions may work to allow a claimant to receive both payments. This is not the case here.

[4] Employee's annuities—

(1) Employee's contributions recoverable in 3 years—
Where

(A) part of the consideration for an annuity, endowment, or life insurance contract is contributed by the employee, and

(B) during the 3-year period beginning on the date on which an amount is first received under the contract as an annuity the aggregate amount receivable by the employee under the terms of the contract is equal to or greater than the consideration for the contract contributed by the employee,

then all amounts received as an annuity under the contract shall be excluded from gross income until there has been so excluded an amount equal to the consideration for the contract contributed by the employee. Thereafter all amounts so received under the contract shall be included in gross income.

persuasive. Claimant's reliance on federal income tax practice is misplaced. We have previously rejected application or interjection of federal income tax law in similar circumstances. *See Byrd v. Unemployment Compensation Board of Review*, 64 Pa. Commonwealth Ct. 212, 439 A.2d 898 (1982); *Goldsmith v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 57, 324 A.2d 892 (1974).

Finally, a close reading of our decision in *Latella* reveals that no support for claimant's position is found in that case. Rather we find *Latella* fully consistent with the statute and case law interpreting it:

Section 404(d)(iii), and similar pension offset provisions rationally advance two legitimate government objectives: (1) the promotion of the fiscal integrity of the unemployment compensation fund; . . . and (2) *the elimination of the payment of duplicative, "windfall" unemployment benefits to those who, primarily because of their retirement eligibility, are receiving adequate wage replacement income and thus experiencing greater economic security than those less fortunate.* . . . (Citations omitted, emphasis added.)

*Latella*, 74 Pa. Commonwealth Ct. at 20-21, 459 A.2d at 468-69. *See also: Martin v. Unemployment Compensation Board of Review*, 63 Pa. Commonwealth Ct. 629, 439 A.2d 207 (1982); *Unemployment Compensation Board of Review v. Miedama*, 27 Pa. Commonwealth Ct. 207, 365 A.2d 900 (1976).

The statute and case law being clear, we find that the denial of unemployment compensation to claimant was a decision fully comporting with the letter and spirit of the law.

Therefore, we affirm the Board's order denying benefits to claimant.

### ORDER

AND Now, July 10, 1984, the order of the Unemployment Compensation Board of Review, decision No. B-217553, dated April 28, 1983, is hereby affirmed.