511 A.2d 931

Ernest Gallo, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 16, 1985, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Dennis George,* for petitioner.

*Charles D. Donahue,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 1, 1986:

Ernest Gallo appeals an Unemployment Compensation Board of Review order which upheld a referee's elimination of his benefits due to a pension offset. Section 404(d)(iii) of the Unemployment Compensation Law.[1] We affirm.

Gallo was last employed by the Police Health Administration and received benefits of $214 per week. He now receives a monthly pension of $648, for his prior employment as a policeman for the City of Philadelphia, and monthly Social Security benefits of $439, totaling $1,087. The referee concluded that Gallo's weekly benefits were totally offset by the weekly pro-rata share of his monthly pension and Social Security benefits.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §804(d)(iii). Section 404(d)(iii) pertinently provides:

(d) . . . [E]ach eligible employe who is unemployed . . . shall be paid . . . compensation in an amount equal to his weekly benefit rate less . . . (iii) an amount equal to the amount of a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment which is based on the *previous work* of such individual. (Emphasis added.)

Gallo contends that his unemployment compensation benefits should not be offset by the pension payments because they are received for work unrelated to his unemployment compensation claim. He asserts that these payments are not for "previous work" under Section 804(d)(iii). We disagree.

We conclude that the Board's offset of Gallo's pension payments was proper. The language of the statute is clear on its face and applies to "previous work" *without any modifier.* Thus, we interpret the plain, unambiguous meaning of "previous work" to encompass *any* past employment. Section 1921(b) of the Statutory Construction Act of 1972;[2] *see Black v. Billy Penn Corp.,* 72 Pa. Commonwealth Ct. 628, 457 A.2d 192 (1983). We have consistently held that both Social Security benefits and pension benefits paid by an employer are to be offset against unemployment compensation benefits. *See Sanders v. Unemployment Compensation Board of Review,* 86 Pa. Commonwealth Ct. 1, 482 A.2d 1371 (1984), and *Unemployment Compensation Board of Review v. Leib,* 20 Pa. Commonwealth Ct. 206, 340 A.2d 927 (1975).[3]

We also reject Gallo's contention that the return of his pension contribution is not income but, rather, is analogous to withdrawals from a savings account. *See Bonnani v. Unemployment Compensation Board of Review,* 22 Pa. Commonwealth Ct. 515, 349 A.2d 498 (1975), and the cases cited therein.

---

[2] 1 Pa. C. S. §1921(b).

[3] We also reject Gallo's contention that the construction given to Section 404(d)(iii) is overly broad and inequitable to former police who contribute to statutorily mandated pension plans. One purpose of the Act is to eliminate payment of duplicative, windfall unemployment benefits to those who already receive adequate wage replacement income. *Latella v. Unemployment Compensation Board of Review,* 74 Pa. Commonwealth Ct. 14, 459 A.2d 464 (1983). ·

The decision is affirmed.

ORDER

The Unemployment Compensation Board of Review order, No. B-232241 dated July 5, 1984, is affirmed.