**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| DELAWARE DIVISION OF UNEMPLOYMENT INSURANCE, | ) ) ) |
| Appellant, | ) ) |
| v. | ) C.A. No. N16A-08-009 CEB ) |
| EDWARD A. MURPHY and UNEMPLOYMENT INSURANCE APPEAL BOARD, | ) ) ) ) ) |
| Appellees. | ) ) |

Submitted: January 30, 2017
Decided: April 26, 2017

**ORDER**

*Upon Consideration of Appeal from the*
*Unemployment Insurance Appeal Board.*
**REVERSED and REMANDED.**

This 26th day of April, 2017, upon consideration of the Delaware Department of Labor, Division of Unemployment Insurance (the "Division") appeal from the decision of the Unemployment Insurance Appeal Board (the "Board"), it appears that:

1.     On August 12, 2016 the Board issued a decision finding that Edward Murphy ("Claimant") was eligible for the receipt of unemployment compensation

1

benefits for a period of 23 weeks. Claimant also received a federal government pension from his prior employer for the same 23 weeks.

2.      When an employee contributes over many years to his pension plan, how are those contributions to be treated in computing unemployment benefits? The employee in question here, succeeded in convincing the Board that unemployment benefits should not be offset by his retirement benefits because those benefits were merely a return of his contribution to the retirement plan. The Division argues here that the Board's conclusion was incorrect and it applied the pension offset statute incorrectly.

3.      Claimant worked for 28 years for the U.S. Department of Treasury. He retired under a forced retirement system and his unemployment was thus not of his own doing. If he had no pension whatsoever, and he was otherwise qualified,[1] he would be entitled to $330 per week in unemployment insurance benefits.

4.      But pension payments are to be set off against unemployment benefits. The formula for this set off is spelled out in 19 *Del C.* §3319(p) and it provides that "if there is employee participation in financing a pension plan, such deduction shall be reduced in the same proportion as the employee's contribution to the pension bears to the total pension amount."[2]

---

[1] It is undisputed that he was.

[2] 19 *Del. C.* § 3313(p)

2

5.     This case puts actual numbers on these concepts. If we read the record correctly, Claimant contributed a total of $36,514 to his pension.[3] He was paid $81,600 in annual pension benefits. Subtracting his contribution from the total, we see that the employer contributed $45,086 to his pension in 2016. If we consider only the employer's portion of the benefit ($45,086) on a "per week" basis, he was receiving $867 in employer provided pension benefits, more than $500 in excess of the unemployment insurance benefit of $330. Thus the offset exceeded the benefit.

6.     The Department argues that he is thus not entitled to unemployment benefits. Claimant uses different math to argue otherwise. The Board agreed with him – a decision that cannot stand.

7.     According to Claimant, his contribution (of $36,515) to the pension should be treated like a return of capital contribution. This position argues that there is no employer benefit paid under the pension plan until he has been returned his contribution via unemployment benefits. Only then can pension benefits be set off against unemployment benefits.

---

[3] It is not clear if this was his total contribution or only the contribution for 2016. If it was the total contribution, it is not clear why it is only offset against a single year's pension benefit payment. One would expect that an "apples to apples" proportion of employee contribution to employee benefit would reflect an amortization of his contribution over a period of years similar to the pension benefit's actuarial assumptions. Because the ratios in this case yield numbers far above the base unemployment benefit payment, the point is irrelevant here. But since the Board used no calculus at all here, and a crude "50/50" calculation in the *Cawby* decision, *infra*, it seems this might be a subject the Board should put some thought into in the future.

3

8. Citing no case law, logic or sound policy, the Board agreed with him. The Board left most obviously unexplained how it deals with the clear statutory language that mandates a proportional reduction in benefits to reflect the employer's contribution to the pension benefit. The Board has basically "read out" the proportion requirement of the statute.

9. The only decision on point to which we are referred is *Cawby v. Delaware Dept. of Labor.* [4] That case involved 4 Dover Air Force Base airmen claiming entitlement to unemployment benefits even though their retirement benefits exceeded the unemployment compensation computed. Their reasoning was that they were entitled to recoup their capital contribution into the retirement system before retirement payments could be offset against unemployment.

10. The UIAB ruled against them. In a rather odd piece of math that is not otherwise explained, the Board held that the pension benefits should be computed at 50% of the actual benefit to reflect the employer/employee contribution. One presumes that this was an effort to give effect to the legislative mandate to consider the reduction "pro rata" as between the two contributors into the pension plan. The record is silent as to the actual proportion of employer to employee contributions in the *Cawby* case.

---

[4] 2000 WL 33157793 (Del. Super. Dec. 29, 2000).

4

11.     But the exact formula utilized in *Cawby* is less important than the holding. The airmen in *Cawby* raised precisely the argument raised by Claimant here: that there should be no diminution of unemployment insurance until such time as they had fully recouped their contributions into the pension plan. That is the issue that has been decided and the ruling does not support Claimant's argument raised here. [5]

12.     If the Board is correct, then any pensioner, having secured the benefits of his employer's contributions and the advantages of sound investment over time through the pension and retirement system, can then turn around to the unemployment insurance fund to collect back return of his pension contributions to the pension fund through unemployment insurance payments. The Court doubts very much that the legislature intended for the unemployment fund to be used to fund private pension plans.

13.     It is true that the financial concept of "return of capital" has some currency in some areas of the law, most notably in the tax code. But there is nothing in the statutes arrayed before us here that even suggests that pension contributions should be considered as such. Claimant apparently came before the Board with a document from his employer concerning a provision in his pension

---

[5] The few other cases that have discussed the issue – admittedly in the context of their state's unemployment code – have rejected the argument raised here. *Claim of Lemke,* 663 N.Y.S. 386 (1997); *Ettelson v. Com. Unemployment Compensation Bd. of Review,* 316 A.2d 661 (Pa. Commw. Ct. 1974).

5

plan that provides for a survivor benefit to the extent the plan had not paid out benefits equal to his initial investment. This is, of course, evidence of nothing with respect to the unemployment insurance code and only underscores the importance of considering the effect of pension contributions in the context of the statutory milieu to which they are being applied.

14. Having found the Division's appeal well founded, the decision of the Board is **REVERSED** and the matter is **REMANDED** for further proceedings consistent with this opinion.

Judge Charles E. Butler

6